UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICIA ARDELE SMITH, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 19-12345-LTS |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR SOUNDVIEW HOME LOAN TRUST 2005-OPT4, ASSET-BACKED CERTIFICATES, SERIES 2005-OPT4 et al, | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER ON MOTION TO DISMISS (DOC. NO. 9)

March 18, 2020

SOROKIN, J.

Pro se plaintiff Patricia Ardele Smith sued Deutsche Bank National Trust Company, as Trustee for Soundview Home Loan Trust 2005-OPT4, Asset-Backed Certificates, Series 2005-OPT4 ("Deutsche Bank") and PHH Mortgage Services Corporation ("PHH") in state court, challenging the foreclosure sale of her home. The defendants removed the action to this Court and seek dismissal for failure to state a claim. For the reasons that follow, the defendants' motion is ALLOWED.

I.  BACKGROUND

Smith filed her six-count verified complaint in Bristol County Superior Court in October 2019. Doc. No. 1-3. She sought to challenge certain actions of Deutsche Bank and PHH, the holder and servicer, respectively, of a 2005 mortgage on her home in Easton, Massachusetts. Id. at 6-9, ¶¶ 1, 7-8. The original Adjustable Rate Note she signed on August 25, 2005, identified

the "Lender" as Option One Mortgage Corporation ("Option One").  Doc. No. 1-3 at 34-38; Doc. No. 10-1 at 2-6.  The Note was secured by a Mortgage on Smith's Easton home; the original mortgagee was also Option One.  Doc. No. 1-3 at 49-51, 111-17; Doc. No. 10-2 at 2-11.  In June 2007, Option One assigned the Mortgage and the Note to Deutsche Bank via a notarized Corporation Assignment of Deed of Trust/Mortgage recorded in the Bristol County Registry of Deeds.  Doc. No. 1-5 at 2.

Smith eventually defaulted on her loan payments.  See Doc. No. 1-3 at 27 ¶ 58; id. at 44 (certifying in February 2016 that the loan was in default).  She filed for bankruptcy in April 2017.  In re Smith, No. 17-11351-JNF, ECF No. 1 (Bankr. D. Mass. Apr. 14, 2017).  That August, having sought and obtained relief from the Bankruptcy Court's automatic stay, id., ECF Nos. 30, 41, 51, counsel for Deutsche Bank notified Smith that a foreclosure sale would be held, Doc. No. 1-3 at 41.  On November 20, 2017, Smith sued Deutsche Bank and other defendants in Bristol County Superior Court and sought a temporary restraining order ("TRO") prohibiting the sale.  Smith v. Deutsche Bank Nat'l Tr. Co., No. 17-cv-12517, ECF No. 1-2 at 2-31 (D. Mass. Dec. 20, 2017).  The state court denied Smith's request for a TRO, id., ECF No. 9 at 3, and the matter was removed to another session of this Court, id., ECF No. 1.

Meanwhile, the foreclosure sale went forward on December 21, 2017.  Doc. No. 1-3 at 17 ¶ 27.  Smith's motion to remand her pending action to state court was denied in September 2018, Smith, ECF No. 15, and that action ultimately was dismissed a year later for failure to properly serve Deutsche Bank, id., ECF No. 24.  A month after that dismissal, Smith filed the instant action in state court.  She asserts six claims, some of which repeat or resemble claims she stated in her prior action: 1) breach of contract, arising from alleged violations of terms in the Mortgage and the Note; 2) deceit, arising from Deutsche Bank's assertions that it holds the Note and the

Mortgage; 3) a violation of Chapter 93A of the Massachusetts General Laws; 4) a request for declaratory judgment as to a number of matters; 5) intentional infliction of emotional distress; and 6) a request for injunctive relief preventing Smith's eviction from the property at issue. Doc. No. 1-3 at 18-30, ¶¶ 29-73.

As before, the defendants removed the action to this Court and now seek dismissal.

II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint "must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The pleader must "'show' an entitlement to relief" by including in the complaint "enough factual material 'to raise a right to relief above the speculative level'" if the facts alleged are accepted as true. Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); accord Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fed. R. Civ. P. 8(a). In assessing whether a complaint withstands a Rule 12(b)(6) challenge, courts "employ a two-pronged approach." Ocasio-Hernandez, 640 F.3d at 12.

First, statements in the complaint that amount to "threadbare recitals of the elements of a cause of action" are identified and disregarded. Id. (quotation marks and brackets omitted). So, too, are "bald assertions, subjective characterizations and legal conclusions." DM Research, Inc. v. Coll. of Am. Pathologists, 170 F.3d 53, 55 (1st Cir. 1999) (quotation marks omitted). Second, treating the remaining "[n]on-conclusory factual allegations . . . as true," the Court assesses whether such allegations support a "reasonable inference that the defendant is liable for the misconduct alleged," and thereby "state a plausible, not a merely conceivable, case for relief." Id. (quotation marks omitted); accord Iqbal, 556 U.S. at 678. "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S.

at 678 (citation omitted). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679 (citation omitted).

The Court's review on a motion to dismiss is limited to the four corners of the complaint, along with any documents attached thereto by the plaintiff or expressly incorporated therein. Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "[N]arrow exceptions" have been recognized "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. The same exceptions permit the Court to also consider pleadings filed in other cases, which are matters of public record. Boateng v. InterAmerican Univ., 210 F.3d 56, 60 (1st Cir. 2000); accord In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 15-16 (1st Cir. 2003).

III. DISCUSSION

Even construing Smith's submissions liberally, as this Court must in light of her pro se status, she has failed to state any plausible claim for relief against either defendant. The Court will address each of the six counts in her complaint in turn after briefly disposing of three preliminary issues.

First, in her brief opposing dismissal, Smith states that she "was not provided timely notice that [her] case had been removed" to this Court, and suggests that this "deprived [her] of [her] right to file a motion to remand." Doc. No. 19 at 2. Putting aside the question of whether the defendants bear any responsibility for the timing of Smith's receipt of their removal filings, any motion to remand would have failed. The complaint itself demonstrates that the parties are diverse and that the amount in controversy exceeds the statutory threshold required to invoke this

Court's subject matter jurisdiction under 28 U.S.C. § 1332, notwithstanding the lack of a federal question. Doc. No. 1-3 at 7-8, 18, ¶¶ 3-5, 28.

Second, Smith objects to the defendants' motion papers, arguing they have exceeded the appropriate bounds of a motion to dismiss by attaching documents that require treating it as a summary judgment motion. Doc. No. 19 at 5-6. Not so. The defendants have attached copies of documents that Smith also appended to and/or expressly incorporated into her complaint[1] and official public records.[2] The single document that arguably does not fall within these categories—an October 2017 notice to Smith that the foreclosure sale was rescheduled (Exhibit G to the motion)—is unnecessary to the resolution of the motion, and the Court has not considered it.

Third, several of Smith's claims turn, at least in part, on her contention that her "mortgage debt . . . has been paid in full and discharged." Id. at 16, ¶ 23; see id. at 107 (averring in a sworn affidavit "in the strongest possible terms that [her] mortgage debt is paid in full"). However, based on her own representations on this issue, the Bankruptcy Court found that she had not, in fact, "paid the mortgage in full," and it relied on that finding in denying her request for reconsideration of its prior order granting Deutsche Bank relief from the automatic stay and

---

[1] In particular, the Note (Exhibit 1 to the complaint and Exhibit A to the motion); the Mortgage (Exhibit 5 to the complaint and Exhibit B to the motion); an August 3, 2017 Deficiency Notice (Exhibit 2 to the complaint and Exhibit E to the motion); and a Certificate Relative to Foreclosing Party's Right to Foreclose (Exhibit 3 to the complaint and Exhibit F to the motion). Later in her brief, Smith challenges the authenticity of the copy of the Note both she and the defendants have submitted to the Court. Doc. No. 19 at 10. However, she cannot in her brief erase her prior description of the same document as a "true and correct copy of the redacted Note" she originally executed, which she expressly incorporated into her complaint "by reference for all purposes." Doc. No. 1-3 at 8, ¶ 7.

[2] In particular, a notarized and recorded Corporation Assignment of Deed of Trust/Mortgage (Exhibit C to the motion), a notarized and recorded Affidavit Regarding Note Secured by Mortgage to be Foreclosed (Exhibit D to the motion), and a notarized and recorded Foreclosure Deed and related documents (Exhibit H to the motion).

permitting the foreclosure to proceed.  In re Smith, ECF No. 41.  Here, Smith persists in this claim, apparently believing that her failure to pay off the loan is rendered immaterial by the defendants' subsequent failure to respond to various correspondence she sent them.  E.g., Doc. No. 1-3 at 119-27, 129-37 (attaching document prepared by Smith and sent to the defendants and various others entitled "Notice of Consent Judgment," along with an accompanying "Affidavit of Fact/Truth regarding Consent Judgment," in which Smith informs the defendants that their failure to produce for inspection a copy of the original Note requires cancellation of her debt).  There is no legal support for Smith's view.  Moreover, the discharge she obtained from the Bankruptcy Court did not impact her mortgage debt or the resulting foreclosure, as the Bankruptcy Court already had expressly permitted those matters to proceed.

    A.    <u>Count 1: Breach of Contract</u>

In her first claim, Smith alleges that the defendants breached the Note and/or the Mortgage by failing to provide certain notices and by failing to comply with a regulation requiring face-to-face meetings in certain circumstances.  Doc. No. 1-3 at 18-23, ¶ 29.  Paragraph 11 of the Note provides:  "If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration.  The notice shall provide a period of not less than 30 days . . . within which Borrower must pay . . . ."  Doc. No. 10-1 at 4.  Paragraph 21 of the Mortgage provides for acceleration in the case of a default "at the option of Lender, without prior notice, except as otherwise required by applicable law."  Doc. No. 10-2 at 6.  And, the regulation Smith cites relates to servicing requirements, including in-person interviews, for certain federally insured loans.  24 C.F.R. § 203.604.

Here, even if Smith received no other notice, the defendants' submissions to the Bankruptcy Court seeking relief from the automatic stay—copies of which were served on

Smith, and to which Smith herself responded—satisfied the notice requirement in paragraph 11 of the Note. See In re Smith, ECF No. 29 at 1-2 (stating in June 2017 amount then owed by Smith and notifying of intent to proceed with foreclosure sale, which was scheduled and eventually occurred more than thirty days later). Paragraph 21 of the Mortgage entitles Smith to none of the specific notices she identifies (some of which would be satisfied by the same Bankruptcy Court filing in any event); indeed, it expressly provides for acceleration "without prior notice." And general references in the Note and the Mortgage to "applicable law" do not expressly incorporate the regulation Smith cites, especially where Smith has not alleged, and nothing in the record suggests, that her mortgage was federally insured and therefore subject to that regulation.

For these reasons, Smith has not plausibly pled a breach of contract claim.

B. Count 2: Deceit

Smith next alleges that the defendants committed the tort of deceit by identifying themselves as the holder and/or owner of the Mortgage and the Note. Doc. No. 1-3 at 23-24, ¶¶ 30-41. This claim also fails under the Rule 12(b)(6) standard. Not only has Smith failed to provide sufficient factual matter to plausibly allege that the relevant statements were false, the record before the Court establishes the contrary. Specifically, the notarized and recorded documents reflecting the assignment of the Mortgage and verifying that Deutsche Bank held both the Mortgage and the Note and, thus, was legally entitled to foreclose. Doc. Nos. 10-3, 10-4, 10-6; cf. McAllister v. Countrywide Home Loan, Inc., No. 16-cv-10911, 2016 WL 3360482, *3 (D. Mass. June 16, 2016) (discussing Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118 (Mass. 2012) and finding "mere claim that the mortgagee did not hold the note" insufficient

7

where foreclosing mortgagee had recorded an affidavit verifying possession of both the note and the mortgage).

Smith's failure to allege any plausible, non-speculative, non-conclusory facts to refute the relevant documents is fatal to her deceit claim.

C. Count 3: Chapter 93A

In her third claim, Smith alleges that the defendants violated Chapter 93A in servicing her loan and by failing to respond to her communications. Doc. No. 1-3 at 24-25, ¶¶ 42-48. To state such a claim, Smith must set forth non-conclusory factual allegations plausibly showing "that the defendant[s] engaged in trade or business and committed an unfair or deceptive practice, causing economic injury to the plaintiff." Hanrahran v. Specialized Loan Servicing, LLC, 54 F. Supp. 3d 149, 153 (D. Mass. 2014); accord Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 69 (1st Cir. 2009). This she has not done. She has not provided a short and plain statement of this claim, as required by Rule 8(a)(2). In particular, she has not explained or identified, within Count 3 or elsewhere in the complaint, the specific unfair and deceptive acts she accuses the defendants of committing "[i]n the course of servicing [her] mortgage." Doc. No. 1-3 at 25, ¶ 45.

To the extent this claim depends on the same representations that formed the basis for her deceit claim, it fails for the same reasons that claim did. To the extent Smith cites the defendants' failure to adequately respond to what she characterizes as a demand letter under Chapter 93A, that failure alone cannot plausibly support her claim.[3]

---

[3] The Court notes that the communication Smith calls "a demand letter pursuant to" Chapter 93A, Doc. No. 1-3 at 25, ¶ 46, contains no reference to Chapter 93A, nor does it describe any unfair practices by the defendants, let alone practices sufficient to support a Chapter 93A claim, id. at 90-104.

D. <u>Counts 4 and 6: Declaratory Judgment and Injunctive Relief</u>

Smith includes separate counts asserting claims for declaratory and injunctive relief. Doc. No. 1-3 at 25-27, 29-30, ¶¶ 49-58, 70-74. These counts, however, do not identify independent claims but, rather, forms of relief. Underlying these claims are Smith's assertions that the Mortgage was paid in full or discharged, and that the Obsolete Mortgage Statute precluded foreclosure of her loan. The Court already has explained the flaws in the first of these assertions. As to the second, courts in the First Circuit have repeatedly rejected the view that acceleration of a mortgage somehow alters the stated maturity date. <u>E.g.</u>, <u>Harry v. Countrywide Home Loans, Inc.</u>, 902 F.3d 16, 19 (1st Cir. 2018); <u>Butler v. Deutsche Bank Nat'l Tr. Co.</u>, No. 18-cv-10401, 2018 WL 4732715, at *4 (D. Mass. Sept. 13, 2018). Here, the stated maturity date was September 1, 2035, Doc. No. 10-2 at 2, and the foreclosure occurred in 2017, rendering the Obsolete Mortgage Statute inapplicable.

E. <u>Count 5: Intentional Infliction of Emotional Distress</u>

Finally, Smith asserts a claim for intentional infliction of emotional distress. Doc. No. 1-3 at 27-29, ¶¶ 59-69. For this type of claim to survive a motion to dismiss, the complaint must plausibly allege "(1) that the defendant either intended to inflict emotional distress or knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the conduct caused the plaintiff emotional distress; and (4) that the emotional distress was severe and of a nature that no reasonable person could be expected to endure it." <u>Asfour v. Citizens Bank, N.A.</u>, No. 16-cv-11732, 2016 WL 7428224, at *6 (D. Mass. Dec. 23, 2016). Here, Smith's complaint is devoid of <u>any</u> factual allegations to support these elements, let alone non-conclusory factual allegations sufficient to plausibly state such a claim.

9

IV.     CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss (Doc. No. 9) is ALLOWED. The Clerk shall enter a judgment of dismissal with each side to bear its own costs and fees.

SO ORDERED.

 /s/ Leo T. Sorokin
United States District Judge